**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Maximiliano Oscar Gusman,<br><br>Petitioner<br>v.<br><br>Todd Blanche, et al,<br><br>Respondents | Case No.: 2:26-cv-02929-JAD-DJA<br><br>**Order Granting Habeas Petition and Directing Respondents to Release Petitioner**<br><br>[ECF No. 18] |

Petitioner Maximiliano Oscar Gusman is an Argentinian citizen who entered the United States on a visitor visa in 2020 and has lived in Las Vegas ever since. On September 5, 2026, Gusman was arrested by local authorities for a misdemeanor DUI offense, and the next day Immigration and Customs Enforcement (ICE) issued a warrant for his arrest and detained him, charging him as removable for overstaying his visa. He is detained at Nevada Southern Detention Center in Pahrump, Nevada.

Gusman seeks a writ of habeas corpus alleging that the Form I-200 and I-286 initial-custody determination were improperly issued and that he never received a meaningful initial-custody assessment. Upon review of the produced documentation, I noted a potential regulatory violation because the Form I-200 arrest warrant was issued and served nine days before the issuance of the Form I-862, Notice to Appear. So I ordered additional briefing. Gusman timely responded that the regulatory violation warrants release in addition to the arguments made in his amended petition. The government did not respond. Because the government does not dispute that Gusman's arrest warrant was invalid, it has tacitly consented to relief on this ground. So I grant the petition and order the respondents to release Gusman.

## Discussion

**A. This court has jurisdiction over Gusman's claims.**

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[1] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[2]

**B. Gusman's need to exhaust administrative remedies is excused.**

In their response to the amended petition, the government argues that Gusman failed to exhaust his administrative remedies.[3] It cites to the Ninth Circuit's opinion in *Leonardo v. Crawford*[4] to contend that a petitioner must appeal a bond determination to the Board of Immigration Appeals (BIA) prior to filing a habeas petition.[5] Gusman responds that administrative exhaustion here would be futile because "the BIA has held that persons apprehended in the interior of the United States are mandatorily detained under 8 U.S.C. § 1225(b)."[6] Further, Gusman argues that waiting for the results of an administrative appeal would cause him irreparable harm because he has been detained for more than two months as a result of an invalid warrant.[7]

---

[1] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).

[2] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[3] ECF No. 12 at 14–15.

[4] *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011).

[5] ECF No. 12 at 5.

[6] ECF No. 15 at 10.

[7] *Id.*

The Ninth Circuit has explained that "the exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."[8] "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"[9] I find that requiring Gusman to exhaust administrative remedies would cause irreparable injury. As discussed *infra*, he put forth undisputed arguments that his I-200 warrant was invalidly issued and served prior to the issuance of the Form I-862 Notice to Appear, running afoul of the binding regulations at 8 C.F.R. § 236.1(b)(1).[10] Detention justified by an invalid warrant is irreparable injury.[11] Under these circumstances, I find it appropriate to excuse the prudential-exhaustion requirement because further irreparable injury would result from Gusman's continued detention.

### C. The government does not contest that Gusman's warrant was issued and served prior to the issuance of the Notice to Appear, in violation of the applicable regulations.

In response to this court's order, Gusman contends that his arrest warrant was invalid because he was arrested under a warrant prior to the issuance of the notice to appear. He cites the *Jacobo-Ramirez v. Mullin*[12] decision to further explain that an individual can be taken into custody only "upon the issuance of a notice to appear commencing removal proceedings or at

---

[8] *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

[9] *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

[10] ECF No. 17 at 2.

[11] *Hernandez*, 872 F.3d at 994–95 ("It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." (cleaned up) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see Castillo v. Blanche et al.*, 2026 WL 2071063, at *3 (D. Nev. July 17, 2026).

[12] *Jacobo-Ramirez v. Mullin*, 834 F. Supp. 3d 1073 (D. Nev. 2026).

any time during the pendency of those removal proceedings through the authority of an administrative Form I-200, Warrant of Arrest."[13] This timeline comports with the language of 8 C.F.R. § 236.1(b) which reads, "At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I-200, warrant of arrest."[14] Gusman asserts that "[b]ecause ICE arrested [Gusman] before the issuance of the notice to appear, ICE violated the Immigration and Nationality Act ("INA") and [Gusman]'s due process rights under the Fifth Amendment. And because [Gusman]'s arrest was unlawful, his subsequent detention is also unlawful."[15] Gusman requests his immediate release as relief.[16]

The government failed to respond to my order requesting additional briefing on this point. I take that silence as the government's concession to Gusman's assertions and a decision not to defend ICE's actions. The government therefore tacitly consents to relief on this ground.[17]

**D. Because Gusman's arrest is void *ab initio*, his immediate release is warranted.**

Courts have "a fair amount of flexibility" in deciding habeas relief.[18] District courts across the country have found that when an ICE arrest was unlawful, the proper remedy is release.[19] Because Gusman was arrested under the authority of an invalid warrant according to

---

[13] *Id.* at 1091 (internal citations omitted).

[14] 8 C.F.R. § 236.1(b) (cleaned up).

[15] ECF No. 17 at 2.

[16] *Id.* at 4.

[17] *United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2010) (holding that unraised arguments are waived); *Carlson v. Landon*, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that unopposed habeas allegations "must be taken as true").

[18] *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

[19] See *Diiwaje v. Bondi*, 2026 WL 926753, at *3 (D. Nev. Apr. 6, 2026); *Gumaneh v. Hernandez*, 2026 WL 2624291, at *4 (W.D. Wash. Sept. 4, 2026); *Ger V. v. Mullin*, 2026 WL 1847044, at *2

the INA's regulations, his arrest was unlawful and void *ab initio*. So I find that the appropriate remedy is his immediate release from custody.

**Conclusion**

IT IS THEREFORE ORDERED that Maximiliano Oscar Gusman's amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 9] is GRANTED. Petitioner Maximiliano Oscar Gusman must be released from detention within three days, subject to reasonable conditions of supervision. Imposition of those conditions must not impede Gusman's timely release.**

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

(1) notice of the date, time, and location of Gusman's release at least 24 hours before the release is set to occur, and

(2) within four days of this order, notice that Gusman's release was effectuated.

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

**The Clerk of Court is directed to CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
November 23, 2026

(D. Minn. June 26, 2026); *De La Rosa Izaguirre v. Blanche*, 2026 WL 2023200, at *11 (E.D.N.Y. July 13, 2026).